UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INFORMATION** CR 14-285 JNE |
| | ) | |
| Plaintiff, | ) | 18 U.S.C. § 981 (a)(1)(C) |
| | ) | 18 U.S.C. § 1343 |
| v. | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| TYRONE R. HERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

THE UNITED STATES ATTORNEY CHARGES THAT:

### COUNT 1
(Wire Fraud)

1. From in or about 1998 through in or about December 2013, in the State and District of Minnesota, the defendant,

**TYRONE R. HERMAN,**

devised and intended to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, promises, and material omissions.

2. It was part of the scheme to defraud that the defendant fraudulently induced victims to provide the defendant with money, including by falsely and fraudulently representing, among other things, that:

   a. The defendant operated Executive Marketing Group ("EMG") and Ty Herman & Associates which the defendant claimed had relationships with



manufacturers and wholesalers from whom he could purchase inventory, including primarily small appliances;

b. The defendant also purported to have relationships through EMG and Ty Herman & Associates with retailers to whom he could sell the inventory for a 35% profit; and

c. The defendant told investors that he would repay their investments in EMG and Ty Herman & Associates within 90 days of the sale of the inventory and promised high rates of return, sometimes as high as 30%, to each investor.

4. It was further part of the scheme to defraud that the defendant provided the victims with fictitious invoices purportedly showing the sale of inventory to retailers.

5. It was further part of the scheme to defraud that when victims demanded the return of their investment with interest, the defendant provided victims with fictitious bank statements purportedly showing the deposit of funds into the defendant's accounts and a bogus lien by the Internal Revenue Service freezing the money such that the defendant could not access the victims' money. The victims relied upon the fictitious invoices and bank statements provided by the defendant as indications that the defendant's representations about the purportedly legitimate businesses were true and accurate.

6. It was further part of the scheme to defraud that the defendant paid some investors, however, the payments were funded by new investor money and not from the sale of any inventory.

7.  It was further part of the scheme to defraud that the defendant concealed and omitted material facts, including not telling victims that:

   a.  The defendant, EMG and Ty Herman & Associates had no legitimate business relationships with wholesalers or retailers;

   b.  The defendant, EMG and Ty Herman & Associates never purchased or sold inventory;

   c.  Payments to existing investors were funded with payments of new investors; and

   d.  The defendant used investor funds to pay the defendant's personal expenses.

8.  On or about September 25, 2012, in the State and District of Minnesota, the defendant,

**TYRONE R. HERMAN,**

for the purpose of executing the above-described scheme and artifice, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals and sounds; to wit: an email from the defendant to victim A.O. explaining the purportedly legitimate business, which was routed across state lines to victim A.O. in California; in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

9.  Count 1 of this Information is hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18,

United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

10. As the result of the offense alleged in Count 1 of this Information, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1343. The property subject to forfeiture includes, but is not limited to, the following:

a. 2007 Chevrolet Corvette, VIN: 1G1YY36U275134019;

b. $116,574.00 in U.S. currency, seized from 2551 – 38th Avenue Northeast, #136, Minneapolis, Minnesota;

c. Cashier's check in the amount of $35,000.00, payable to Tyrone Herman;

d. Cashier's check in the amount of $10,000.00, payable to Tyrone Herman, representing proceeds withdrawn from Ty Herman & Associates Wells Fargo Bank Account No. 9848881521;

e. $2,685.19 seized from Ty Herman & Associates Wells Fargo Bank Account No. 9848881521; and

f. $72.41 seized from Executive Marketing Group Wells Fargo Bank Account No. 7091127410.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title

21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Sections 981(a)(1)(C) and 1343, and Title 28, United States Code, Section 2461(c).

Dated: 9-9-14

UNITED STATES OF AMERICA

ANDREW M. LUGER
United States Attorney

*/s/ Karen B. Schommer*

KAREN B. SCHOMMER
Assistant United States Attorney